UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTOPHER BATES,                                    **FIRST AMENDED**
                                                      **COMPLAINT**

                                                      **21 cv 4468 (JPC) (JLC)**

                                                      **ECF Case**

                             Plaintiff,
     vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
ALEXANDER GORMAN and JOHN DOE,                        **JURY TRIAL DEMANDED**
in their individual and official capacities,

                             Defendants.
-------------------------------------------------------------x

Plaintiff Christopher Bates, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Christopher Bates ("Plaintiff") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, excessive force, unlawful search and seizure, First Amendment retaliation, failure to intervene, and a *Monell* claim against the City of New York. Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks injunctive relief, compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The individually named defendants – Police Officers Alexander Gorman ("PO Gorman") and John Doe ("PO Doe") (collectively, the "individual defendants") – are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD Critical Response Command.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment have been neglected or refused.

11. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on August 10, 2020.

12. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

13. On the afternoon of May 20, 2020, Plaintiff was struck by a MTA bus in Columbus Circle in Manhattan.

14. Plaintiff wanted the bus driver's information in order to make a complaint, and in order to prevent the driver from driving away without accountability, Plaintiff stood in front of the bus.

15. When two police officers – the individual defendants – arrived at the scene, they told Plaintiff to get out of the street.

16. Plaintiff remained in front of the bus, explaining that he wanted the driver's information because she had struck him.

17. Wanting Plaintiff to shut up and leave, and without providing any warning, PO Gorman suddenly pepper-sprayed Plaintiff in his face.

18. His face coated in pepper spray, his eyes burning, struggling to see, struggling to breathe, Plaintiff went to a nearby Duane Reade in hopes of finding water or milk to wash his eyes out.

19. The individual defendants followed Plaintiff to the Duane Reade.

20. When they found him inside, they grabbed him, pushed him to the street, punched him, tackled him to the ground, and violently handcuffed him.

21. While on the ground with the weight of the officers on his back, Plaintiff gasped for air and feared for his life.

22. The defendant officers – along with numerous other officers who came to the scene – took Plaintiff to an ambulance, which transported him to Mt. Sinai Hospital.

23. The defendant officers designated Plaintiff an "emotionally disturbed person" and created AIDED Report AID-2020-18-3428.

24. Before going to the hospital, the NYPD officers searched Plaintiff and his backpack and found nothing unlawful.

25. At the hospital, medical personnel flushed out Plaintiff's eyes, alleviating the pain.

26. Plaintiff was discharged from the hospital after about four hours.

27. No criminal charges were lodged against him.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

28. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

29. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United States Constitution.

**THE NYPD PATROL GUIDE'S RULES FOR THE USE OF PEPPER SPRAY AGAINST "EMOTIONALLY DISTURBED PERSONS."**

31. The NYPD Patrol Guide contains the rules that NYPD officers must follow in carrying out their official duties.

32. NYPD Patrol Guide Procedure No. 221-13 (issued June 1, 2016) defines an "emotionally disturbed person" or "EDP" as: "A person who appears to be mentally ill or temporarily deranged and is conducting himself in a manner which a police officer reasonably believes is likely to result in serious injury to himself or others." Procedure No. 221-13 instructs police officers to deliver emotionally disturbed people to the hospital.

33. NYPD Patrol Guide Procedure No. 221.07 (issued June 1, 2016) authorizes the discharge of of Oleoresin Capsicum ("OC") Pepper Spray into an individual's eyes "when the uniformed member of service reasonably believes that it is necessary to… [e]stablish physical control of an emotionally disturbed person (EDP)."

34. Working in tandem, Patrol Guide Procedures Numbers 221-07 and 221-13 give police officers, who are not mental health professionals, unfettered discretion to classify someone as an "EDP" then discharge pepper spray into that person's eyes solely to "establish physical control."

35. Nothing in the Patrol Guide instructs or incentivizes police officers to defuse situations with so-called "EDPs" or to establish control without the use of OC Spray.

36. Nor does the Patrol Guide define "physical control" or delineate circumstances in which officers should, and should not, try to "establish" such control.

**DAMAGES**

37. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution;
   b. Physical pain and injury;
   c. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

### Excessive Force Under Section 1983

38. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

6

40. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

42. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

44. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Illegal Search and Seizure Under Section 1983

46. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful searches and seizures of his person.

48.  The defendant officers unlawfully detained Plaintiff and searched his person and backpack, where he had a reasonable expectation of privacy, without a valid search warrant.

49.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Failure to Intervene Under Section 1983

50.  Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51.  Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

52.  The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

53.  As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### First Amendment Retaliation Under Section 1983

54.  Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – arresting and brutalizing him for talking.  In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

56. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SIXTH CLAIM

**Municipal Liability Under Section 1983**

57. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

58. By the actions described, the Defendant City deprived Plaintiff of his Constitutional rights through its failure to establish clear procedures in discharging OC pepper spray against individuals – specifically, its vague definitions and guidelines for when an officer should discharge pepper spray into the eyes of an individual who may simply be upset or argumentative, thereby allowing unfettered discretion in the use of such force against innocent individuals.

59. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

### PENDENT STATE CLAIMS

### FIRST CLAIM

**False Imprisonment under N.Y. State Law**

60. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

61. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Unreasonable Search and Seizure Under New York State Constitution Art. I § 12

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

65. Without probable cause and without Plaintiff's consent, the individual defendants arrested Plaintiff, searched his person and bag, confined him, and involuntarily hospitalized him.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Battery Under N.Y. State Law

67. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

68. As detailed above, the individual defendants intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected him to offensive and harmful contact.

69. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

70. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

71. Defendant City owed a duty of care to Plaintiff to prevent the unlawful search, false arrest, battery, and emotional abuse sustained by Plaintiff.

72. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

73. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

74. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

75. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

**Respondeat Superior Under N.Y. State Law**

76. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

77. Defendant City is the employer of the individual defendants.

78. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, battery, and unreasonable search and seizure committed by the individual defendants against Plaintiff.

79. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Christopher Bates in an amount to be determined at trial;

    b.    An order enjoining and directing Defendant City of New York to establish clear definitions and guidelines in the use of OC spray against individuals that police officers may deem "emotionally disturbed," including guidelines that encourage physical control *without* the use of pepper spray;

    c.    An order awarding punitive damages in an amount to be determined at trial;

    d.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    e.    Such other and further relief as this Court may deem appropriate.

| | | |
|---|---|---|
| DATED: | May 30, 2021<br>New York, New York | _____/s/_____<br>CYRUS JOUBIN, ESQ.<br>43 West 43rd Street, Suite 119<br>New York, NY 10036<br>(703) 851-2467<br>joubinlaw@gmail.com<br>Attorney for Christopher Bates |